[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action intermarried on May 25, 1991. The CT Page 15736 plaintiff wife has been a resident of the State of Connecticut for at least twelve months next prior to the filing of the complaint. The parties have two minor children issue of their marriage: Rebekah Koskelowski, born August 23, 1992 and Timothy Koskelowski, born May 11, 1995. There have been no minor children born to the plaintiff wife since the date of the marriage. Neither of the parties is receiving any state aid or municipal assistance.
The parties testified that they do not communicate well together. The parties to the marriage began having problems due to a combination of identity crises and financial difficulties. As a consequence of the problems brought to bear on the parties, the plaintiff elected to bring a petition for dissolution of marriage after 6 years of marriage. The defendant attempted counseling for a period of time but discontinued attending after he concluded his wife was not interested in maintaining the marriage. There was evidence that plaintiff wife had engaged in a liaison with a former boy friend but this event occurred after the complaint was filed and was not a substantial factor for the cause of the breakdown of the marriage.
The court finds that the plaintiff is unemployed but has an earning capacity of $200.00 per week as a bank teller or related employment. The defendant is presently working as a window installer with earnings of approximately $500.00 to $600.00 per week.
Accordingly, the court will issue a dissolution of the marriage on the grounds of irretrievable breakdown.
Custody of the minor children is awarded to the parties jointly with physical residence with the plaintiff mother.
Defendant father shall have reasonable visitation with the minor children one evening per week until 8:00 p. m. during the school year and until 9:00 p. m. during summer vacation and school vacation weeks. The defendant shall have visitation every other weekend from Friday 5:00 p. m. until Sunday evening at 6:00 p. m.
The defendant shall pay the plaintiff the sum of $200.00 per week child support to the plaintiff in accordance with the child support guidelines. In addition thereto, the defendant shall pay 67% of the unreimbursed medical expenses and 67% of the child care expenses for the first 30 days only after the plaintiff CT Page 15737 resumes employment. Further child care expenses to be in accordance with the applicable guidelines amount.
Each party shall have one uninterrupted two (2) week vacation with the children. Each shall notify the other of the weeks they prefer by May 15 of each year. Parties will notify each other where they will be and provide a telephone number where the other parent may reach the children.
The plaintiff is awarded by way of a qualified domestic relations order the sum of one-half of the defendant's pension plan as of the date of this decision. The court shall retain jurisdiction to effectuate such order.
Defendant is awarded the real property located at 33 Avalon Avenue, Oakville, Connecticut, free and clear of any and all claim of the plaintiff. The defendant shall hold the plaintiff harmless for any mortgage payments, taxes, insurance and any and all expenses connected therewith and indemnify the plaintiff for any costs to her. This obligation shall be in the nature of support and maintenance for the plaintiff and shall be non dischargeable in any bankruptcy proceeding.
Each party shall be solely responsible for those debts listed on their respective financial affidavits.
Each party shall be entitled to the assets listed on their respective affidavits not otherwise awarded by this decision.
The defendant shall maintain medical insurance coverage for the minor children as available through his employment or if unavailable, through the State of Connecticut HUSKY Plan.
The defendant is ordered to obtain life insurance in the amount of $100,000 to secure his child support obligation, naming the children as irrevocable beneficiaries.
The defendant is ordered to pay the sum of $50.00 per week for a non modifiable period of 3 years to allow the plaintiff sufficient time to enhance her employment skills and obtain computer training in furtherance thereof. However, the alimony will terminate upon the plaintiff's remarriage or the death of either the plaintiff or defendant.
Defendant is ordered to maintain a $15,000.00 life insurance CT Page 15738 policy for the period of 3 years with the plaintiff as beneficiary thereof to secure his alimony obligation.
The defendant will be permitted to claim both minor children as tax exemptions providing he is current with all his child support obligations pursuant to court order and the plaintiff earns less than $15,000.00 per year. At such time that wife's earnings exceed $15,000.00, the plaintiff shall have the minor son as an exemption and defendant minor daughter.
The plaintiff shall be entitled to her personal clothing and items of personal property located at the marital residence.
Shall the defendant have medical coverage available through a COBRA extension from his prior employer, he shall maintain such coverage for the minor children at his (the defendant's) cost. Plaintiff may obtain the coverage if available at her own expense.
Plaintiff is awarded one-half of the stocks listed on defendant's affidavit or the value thereof as of the date of this decision.
The tax refunds in the amount of $2,359.41 held in escrow will be shared equally between the parties.
The defendant shall pay towards plaintiff attorney's fees in the amount of $1,000.00 within 90 days of this decision.
KOCAY, J.